## In re BOWMAN.
## Patent Appeal No. 3297.

Court of Customs and Patent Appeals.
May 31, 1934. ·

William A. Smith, Jr., and Charles H. Howson, both of Washington, D. C., for appellants.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellant filed an application in the United States Patent Office for a patent on improved dial indicators for radio receiving sets. All the claims, 14, 15, 16, 17, and 18 were rejected by the Examiner on the ground of lack of invention, in view of the following references: Curtis, 1,690,670, November 6, 1928; Prescott, 1,783,671, December 2, 1930; Ready, 1,713,146, May 14, 1929.

On appeal to the Board of Appeals, said decision was affirmed.

The Examiner thus succinctly describes the appellant's device:

"As shown in fig. 1, applicant's device consists of a translucent, rotary, drum dial for a radio receiving set. Behind the dial and closely adjacent thereto is a translucent fixed screen, 25, (figs. 3 and 5) having an oblong opening 26 with pointed ends. Behind this screen is a lamp 16 which projects onto the dial a lighted image of the size and shape of the opening 26. The pointed ends of this image serve as an index mark and the name of the station may be written upon the dial within the limits of the image as shown in fig. 4. * * * "

Claims 14 and 18 are typical of all the claims, and are as follows:

"14. A dial indicator for radio receivers or the like, comprising a movable translucent dial upon which indicia may be inscribed, a stationary source of light, a stationary translucent screen arranged in the path of the rays of light from said source to said dial, said screen having an elongated area of different light transmitting characteristic from the remaining area of the screen, said elongated area being of substantial width and so disposed as to produce an image on said dial with which said indicia may be made—coincide by moving said dial."

"18. A dial indicator for radio receivers or the like including a cabinet having a window opening therein through which a plurality of graduations on a dial may be viewed, a movable translucent dial having graduations thereon and upon which indicia may be inscribed located adjacent said window, a stationary source of light to one side of the dial, a stationary translucent screen positioned between the light source and dial and having a centrally disposed elongated aperture therein of substantial width and terminating in a point at one end whereby a beam of light having the area and configuration of the aperture but smaller than the window, is projected onto said dial within the area defined by the window, the boundary of the projected beam defining the area within which the indicia is inscribed."

Counsel for appellant thus correctly describe the reference devices:

"The Curtis patent shows a tuning indicator mechanism which comprises a movable graduated translucent dial behind which is positioned a stationary translucent screen having a slit opening therein and a source of light positioned behind the stationary screen. * * *

"Ready discloses a tuning mechanism in which there is provided adjacent the graduated tuning dial a stationary apertured member, the aperture thereof being pointed at its ends to serve as a pointer or indicator. The aperture also provides an opening through which a pencil or other inscribing device may be inserted to mark or log station call letters upon the tuning dial adjacent the graduations thereof. * * *

"Prescott shows a tuning dial which is divided longitudinally or lengthwise into zones, there being preferably three zones provided as shown clearly in the patentee's Figs. 1 and 5 (p. 24 Rec.). One of these zones is devoted to the graduations of the dial. Another of the zones is devoted to the marking or logging of station call letters on the dial. The third zone is devoted to the marking of a line to serve as an indicator in conjunction with the pointed portions of a stationary escutcheon plate or frame and also as an approximate guide in the inscription of the call letters. * * * *"

It may be added that, in a variation of the Prescott device, one zone of the tuning dial may be made opaque, with lines where the opaque material is removed, and through which a light from the rear will shine at all times, except when a station is tuned in.

From this brief description of the references it is apparent that the references Ready and Prescott show that in the prior art it was old to mark the letter designation of sending radio stations upon the movable tuning dial of a receiving set.

By the reference Curtis, we are advised that it was old in the art to use as an indicator on such dials an illuminated line in an opaque shield. It will be observed that Curtis refers to the opening in his opaque screen as a slit. This word is thus defined by Webster's New International Dictionary (1932):

"Slit. 3. Optics. A narrow opening through which the light is admitted, as to the eye or prisms or a spectroscope."

In our opinion the appellant has improved the art, as shown by the references, to a considerable degree, and, although his improvement seems simple, yet, to the court, it appears to amount to invention. None of the references seem to have had in mind what so plainly is shown by the appellant here. He has conceived the idea that, when letters indicating stations are written upon the tuning dial, and that when, if the set is tuned to a certain station indicated by an illuminated point, these letters are framed within a lighted area, it will be a great convenience to the operator of the receiving set. On consideration, this must appear to be true to the ordinary observer. Such an improvement is of great value, especially in the use of the set at night. In addition, the inventor has so arranged this opening or framework that the ends of the lighted area are points which will coincide with the scale marks upon the dial, and thus indicate precisely when the station is tuned in.

Curtis, which constitutes the only reference showing such a lighted area, had no such idea. The narrower his slit was, the better it would serve its purpose, because, the narrower the line of light, the greater would be the selectivity in connection with the scale on the dial. The Board of Appeals suggests that Curtis had the same idea as the appellant, because, when the set was tuned to a certain stage, this line of light would traverse the center of the log letters on the dial. This the Board thinks would suggest to the mind the broadening of the lighted area, if necessary.

We are unable to come to that conclusion. Curtis had the idea of a narrow opening, while this inventor conceived the idea of a wide opening of "substantial" width, and of size and shape sufficient to include the spacing letters and to closely indicate upon the scale of the dial the proper point of tuning. To superimpose station letters upon the Curtis slit would tend to defeat its purpose.

Claim 18 differs somewhat from the remaining claims, in that it describes the form of the points at the end of the lighted aperture. However, inasmuch as we believe all the claims set out patentable features, the distinction is not important here. All the claims should be allowed.

The decision of the Board of Appeals is reversed.

Reversed.

HATFIELD, Associate Judge, did not participate.